UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cr-00200-JMS-TAB |
| | ) | |
| | ) | |
| JOSE ARAUJO-ORDUNO (06), | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER GRANTING MOTION TO REDUCE SENTENCE</u>**

Defendant Jose Araujo-Orduno (06) has filed a Motion to Reduce Sentence based on USSC Amendment 821. [Filing No. 725.] Mr. Araujo-Orduno was convicted of Conspiracy to Distribute and/or Possession with Intent to Distribute 500 Grams or More of Methamphetamine (Mixture) and 100 Grams or More of Heroin. [Filing No. 437.] He received a sentence of 128 months. [Filing No. 437.] He seeks a sentence modification based on USSC Amendment 821, specifically the provision that provides a guideline reduction for offenders with zero criminal history points. [Filing No. 48.] The Government has filed a Response in Opposition in which it asserts that Mr. Araujo-Orduno is eligible for the reduction but argues that the Court should not grant it because of Mr. Araujo-Orduno's conduct while incarcerated.

As a general rule a sentence of imprisonment is "final." 18 U.S.C. § 3582(b). Thus, it "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). Mr. Araujo-Orduno's motion is based on 18 U.S.C. § 3582(c)(2). The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United

States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon*, 560 U.S. at 826. At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Dillon*, 560 U.S. at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable factors under 18 U.S.C. § 3553(a) and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Dillon*, 560 U.S. at 827. One such factor includes the defendant's post-sentencing conduct. *See Pepper v. United States*, 562 U.S. 476, 492, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011).

# I.
## STEP ONE ANALYSIS

As to the step one analysis under *Dillon*, the Court and the parties agree that Mr. Araujo-Orduno is eligible for resentencing. In Part B to Amendment 821, the Sentencing Commission added what now appears in U.S.S.G. § 4C1.1(a), providing a two-offense level reduction for many offenders who have zero criminal history points (subject to several exceptions). In pertinent part, the adjustment applies if "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1). Mr. Araujo-Orduno is indeed a zero point offender and he is entitled to a two level reduction. With the reduction, his guideline range is 120-135 months (offense level 31, criminal history category I).

## II.
### STEP TWO ANALYSIS

As to the step two analysis, the Court considers the § 3553(a) factors to determine whether Mr. Araujo-Orduno is entitled to the sentence reduction.

In support of his Motion, Mr. Araujo-Orduno argues that § 3553(a)(2) supports a sentence reduction because he has been suffering from a substance abuse disorder while in custody that the BOP has refused to treat, that he "suffered through the COVID-19 pandemic in the BOP" which made his sentence more punitive than the Court expected, and that a 120-month sentence would result in adequate deterrence and protect the public from further crimes. [Filing No. 725 at 10-12.] He also asserts that § 3553(a)(6) supports a sentence reduction because his sentence exceeds the sentence of any co-conspirator in the 12-person conspiracy except the conspiracy's leader. [Filing No. 725 at 13.] Mr. Araujo-Orduno argues that the Court conducted a re-sentencing for a co-conspiratory who, unlike him, possessed a dangerous weapon, had a leader or manager role in the conspiracy, and had prior convictions for possessing and distributing drugs, and sentenced that individual to 120 months, and also points to "0-point offenders who are similarly situated" to him in other cases who received sentence reductions under Amendment 821. [Filing No. 725 at 13-14.] Mr. Araujo-Orduno also argues that he is entitled to a sentence reduction under § 3553(a)(1) because he has engaged in rehabilitation since he entered the BOP, including working on getting his GED and participating in nonresidential programs for drug and anger management. [Filing No. 725 at 14-15.] As to his infractions while incarcerated, Mr. Araujo-Orduno argues that he received them while suffering from an untreated substance abuse disorder and that many of the infractions involved drug use. [Filing No. 725 at 15.] Finally, Mr. Araujo-Orduno argues that consideration of §§ 3553(a)(4) and (5) also lead to the conclusion that a sentence reduction is

appropriate because "the foundational basis for [his] Guidelines range decreased via Amendment 821." [Filing No. 725 at 16.]

In its response, the Government argues that consideration of the § 3553(a) factors leads to the conclusion that Mr. Araujo-Orduno is not entitled to a sentence reduction. [Filing No. 728 at 3-29.] The Government points to his infractions while incarcerated and asserts that this information "shows that he will not be deterred from committing crime and that the public needs this Court's protection." [Filing No. 728 at 3.] That conduct includes assaulting without serious injury and refusing to obey an order in December of 2018; Tattooing or self-mutilation in December of 2018; refusing to work in June of 2019; being absent from work in December of 2019; possessing a hazardous tool in March of 2022; possessing an unauthorized item and refusing to obey an order in March of 2022; use of drugs/alcohol twice in April of 2023; use of drugs/alcohol in May of 2023; assaulting without serious injury in June of 2023; use of drugs/alcohol in July of 2023; assaulting without serious injury in November of 2023; use of drugs/alcohol in January of 2024; and use of drugs/alcohol in May of 2024. [Filing No. 728 at 4-5.] The Government argues that the positive aspects of Mr. Araujo-Orduno's incarceration, such as his attendance at rehabilitation programs, are outweighed by these infractions. [Filing No. 728 at 5.] It contends that an individual with Mr. Araujo-Orduno's criminal history category and age at release "still has a pretty high rearrest rate" of 48.5%. [Filing No. 728 at 9.] The Government argues further that the BOP program Mr. Araujo-Orduno argues he was not permitted to participate in would not have addressed his two "most worrisome" addictions (cocaine and Xanax), that not all of his behavioral incidents involved drug abuse, and that "there is little to justify [him] laying his own bad behavior at the feet of [the] BOP." [Filing No. 728 at 12-20.] The Government asserts that the COVID-19 pandemic is not relevant, that the Court has already taken Mr. Araujo-Orduno's age into account

when it imposed his sentence, that he "has not suggested that any of the coconspirators had conduct and criminal history comparable to him," and that none have a disciplinary history that is similar to his. [Filing No. 728 at 21-27.]

Mr. Araujo-Orduno argues in his reply that the Government has not "cite[d] to a single case in which a sentence reduction was denied because of a disciplinary report" and that the Government does not meaningfully explain the sentencing disparities between Mr. Araujo-Orduno and some of his co-defendants. [Filing No. 732 at 2-6.] He also contends that the Government has not shown that he would not have benefitted from the BOP substance abuse program that he was not permitted to participate in, reiterates his arguments regarding the effects of the COVID-19 pandemic, notes that he could not participate in RDAP because the facility where he is housed does not offer that program, attempts to discredit statistics regarding deterrence that the Government relies upon, and asserts that the Government does not respond to his arguments regarding §§ 3553(a)(4) and (a)(5). [Filing No. 732 at 6-10.]

When sentencing Mr. Araujo-Orduno, the Court considered the applicable § 3553(a) factors and imposed a 128-month sentence. [*See* Filing No. 438.] The Court stands by its consideration of the § 3553(a) factors at Mr. Araujo-Orduno's original sentencing – specifically the nature and circumstances of the offense, including the amount of drugs involved in the offense, and Mr. Araujo-Orduno's history and characteristics, including his age – and finds that a 120-month sentence is appropriate in light of those considerations. 18 U.S.C. § 3553(a)(1). The Court acknowledges Mr. Araujo-Orduno's disciplinary issues while incarcerated, and while those incidents certainly are not positive, the Court does not require perfection. Moreover, the nature of the infractions is not sufficiently aggravating to outweigh the benefit intended to be provided to zero-point offenders through Amendment 821. The Court finds that a 120-month sentence will

still reflect the seriousness of the offense, promote respect for the law, and provide just punishment; will afford adequate deterrence to criminal conduct; and will protect the public from further crimes of the defendant. 18 U.S.C. §§ 3553(a)(2)(A), (a)(2)(B), and (a)(2)(C). Additionally, the Court finds that a sentence reduction appropriately recognizes Amendment 821. 18 U.S.C. §§ 3553(a)(4) and (a)(5). Finally, the Court considers the sentencing disparities between Mr. Araujo-Orduno and some of his co-defendants to be compelling and finds that a sentence reduction to 120 months will avoid those disparities. 18 U.S.C. § 3553(a)(6).

In short, the Court finds that Mr. Araujo-Orduno is eligible for a sentence reduction under Amendment 821 which results in a two-offense level reduction, and that, in the Court's discretion, the reduction is warranted under the applicable § 3553(a) factors and under the particular circumstances of the case. The Court **GRANTS** Mr. Araujo-Orduno's Motion to Reduce Sentence, [Filing No. 725], and his sentence is reduced to 120 months.

### III.
#### CONCLUSION

For the foregoing reasons, Mr. Araujo-Orduno's Motion to Reduce Sentence, [725], is **GRANTED.**

IT IS SO ORDERED.

Date: 9/10/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Colin Clark
United States Attorney's Office, Indiana Southern District
Colin.Clark@usdoj.gov

Jacob Leon
Indiana Federal Community Defenders
Jacob_Leon@fd.org

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Kyle M. Sawa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kyle.sawa@usdoj.gov